42 F.3d 1406
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Benjamin SALAZAR, Plaintiff-Appellant,
v.
Lt. Richard DECOL, Officer, General Utah State Prison,
Gunnison, Utah; Earl Hobby, Executive Officer,
Central Utah State Prison, Gunnison,
Utah, Defendants-Appellees.
 No. 94-4095.
 United States Court of Appeals, Tenth Circuit.
 Nov. 29, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Senior Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Benjamin Salazar, an inmate of the Central Utah Correctional Facility (CUCF), appeals from the district court's grant of summary judgment in favor of the defendants, CUCF officials, in his 42 U.S.C.1983 suit seeking general and special damages, attorneys fees and costs, and declaratory and injunctive relief on his claim that defendants violated his constitutional rights of meaningful access to the courts and due process of law.
 
 
 3
 On appeal, Salazar contends that the district court erred in (1) granting defendants summary judgment on his deprivation of liberty interest without due process of law claim in that (a) in 1991 Utah enacted a law which granted inmates a protected liberty interest in attorney visitations, (b) CUCF deprived him of a protected property interest when, without due process, it prevented his attorney from visiting him, and (c) CUCF is not entitled to qualified immunity from his protected liberty interest claim, and (2) CUCF violated his right of meaningful access to the courts in that (a) CUCF policy on attorney visitation was unlawful because it did not serve a legitimate penological goal, and (b) CUCF is not entitled to qualified immunity from his access to counsel claim, and (3) his claims for injunctive and declaratory relief should be addressed on their merits.
 
 
 4
 We affirm the district court substantially for the reasons set forth in the district court's "Memorandum Decision and Order" of March 8, 1994.
 
 
 5
 AFFIRMED.
 
 ORDER AND JUDGMENT[2]
 
 6
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 7
 Plaintiff Benjamin Salazar, an inmate of the Central Utah Correctional Facility (CUCF), appeals from the district court's grant of summary judgment in favor of the defendants, CUCF officials, in his 42 U.S.C.1983 suit seeking general and special damages, attorneys fees and costs, and declaratory and injunctive relief on his claim that defendants violated his constitutional rights of meaningful access to the courts and due process of law.
 
 
 8
 On appeal, Salazar contends that the district court erred in (1) granting defendants summary judgment on his deprivation of liberty interest without due process of law claim in that (a) in 1991 Utah enacted a law which granted inmates a protected liberty interest in attorney visitations, (b) CUCF deprived him of a protected property interest when, without due process, it prevented his attorney from visiting him, and (c) CUCF is not entitled to qualified immunity from his protected liberty interest claim, and (2) CUCF violated his right of meaningful access to the courts in that (a) CUCF policy on attorney visitation was unlawful because it did not serve a legitimate penological goal, and (b) CUCF is not entitled to qualified immunity from his access to counsel claim, and (3) his claims for injunctive and declaratory relief should be addressed on their merits.
 
 
 9
 We affirm the district court substantially for the reasons set forth in the district court's "Memorandum Decision and Order" of March 8, 1994.
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470